# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 23 2020 3:28 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-05693-1

PIERCE COUNTY SUPERIOR COURT
STATE OF WASHINGTON

| | |
|---|---|
| DONALD SCOTT,<br><br>Plaintiff<br><br>v.<br><br>LARSON MOTORS INC., a Washington Corporation.<br><br>Defendants. | CAUSE NO.<br><br>SUMMONS |

TO THE DEFENDANTS above named: A lawsuit has been started against you in the above-entitled court by Donald Scott, plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served on you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing and serve a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a Default Judgment may be entered against you without notice. A Default Judgment is one where plaintiff is entitled to what she asks for because you have not responded. If this Summons is served outside the State of Washington you have sixty (60) days within which to respond. If you serve a Notice of Appearance on the undersigned person you are entitled to notice before a Default Judgment may be entered.

SUMMONS -Page 1

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the plaintiffs must file this lawsuit with the court or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 27 day of March, 2020.

KRAM & WOOSTER, P.S.

_____
Richard H. Wooster WSBA #13752
Attorneys for Plaintiff

SUMMONS -Page 2

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 23 2020 3:28 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-05693-1

PIERCE COUNTY SUPERIOR COURT
STATE OF WASHINGTON

| DONALD SCOTT, | CAUSE NO. |
|---|---|
| Plaintiff | COMPLAINT |
| v. | |
| LARSON MOTORS INC., a Washington Corporation. | |
| Defendants. | |

COMES NOW the Plaintiff, Donald Scott, by and through his attorney of record, Richard Wooster of the law firm of Kram & Wooster, P.S., for cause of action against the Defendants complain and allege as follows:

## I. JURISDICTION AND VENUE.

1.1 Plaintiff, Donald Scott (hereinafter "Scott" or "Plaintiff" is a resident of Pierce County.

COMPLAINT -Page 1

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

1.2 Defendant, Larson Motors Inc. (hereinafter "Larson" "Employer" or "Defendant") is a Washington Corporation that advertises and conducts business in Pierce County, Washington. Its principal place of business is in Tacoma, Washington.

1.3 Jurisdiction and Venue in Pierce County is appropriate pursuant to RCW 4.12.020 in that all of the acts alleged occurred in Pierce County and the provisions of RCW 4.12.025 apply in that Pierce County is where the tort was committed, Larson conducts business in Pierce County, has an office in Pierce county and is a resident of Pierce County.

## II. FACTUAL BACKGROUND.

2.1 Plaintiff was employed by Larson as an automotive Technician providing maintenance service on automobiles and light trucks at Larson's Cadillac dealership in Fife, Washington situated in Pierce County.

2.2 Plaintiff suffered a disability that interfered with his activities of daily living. Plaintiff's disability required a temporary absence from work followed by a need for an accommodation reducing his work to light duty. The light duty restriction permitted Plaintiff to perform virtually all of his normal job duties with the exception of removing and mounting tires and wheels on vehicles.

2.3 Despite being provided notice of Scott's desire to return to work on July 3, 2019, Larson refused to allow Plaintiff to return to work.

2.4 Scott reasonably believed that Larson's refusal to allow him to return to work with reasonable accommodations was in violation of his rights. When Scott advised his manager that Larson's refusal to allow Scott to return to work violated his rights under state and federal anti-discrimination laws Scott's manager employed by Larson requested that Scott contact him on his cell phone that is not a recorded line

COMPLAINT - Page 2

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

like the main dealership line. Larson's manager continued to frustrate Scott's attempt to return to work and receive a reasonable accommodation in retaliation for Scott having asserted his State and Federal rights not to be subjected to wrongful conduct because of his disability or the employer's having regarded him as having a disability.

2.5   Eventually, Larson stopped communicating with Scott and further frustrated his ability to return to work even after Scott reached out to Larson's human resources representative.

2.6   On September 17, 2019 Scott was notified that he was being terminated, but that the human resources representative did not know why he was terminated because the manager had not provided a reason. Eventually, Larson provided Scott with a "Termination Form" dated September 19, 2019 that stated, in part, "However I have not been happy with his attendance and performance. **Now with a disability I am thinking we should discontinue his employment.**" [emphasis supplied"] A copy of that Termination Form prepared by Larson's manager is attached hereto as **Exhibit 1.**

2.7   Scott had not previously been counselled about performance or attendance by his manager and the only prior discipline Scott received had been for violating the company policy against vaping on company property.

2.8   Not only did Larson wrongfully terminate Scott, it stopped providing health insurance benefits for Scott that were a benefit of his employment and did so without notice to Scott. As a result, Scott incurred uncovered medical expenses.

2.9   Larson employs more than 500 employees.

2.10   Larson decision to terminate Scott was substantially motivated by his disability or Larson's belief that Scott suffered a disability. The decision to terminate Scott was

COMPLAINT - Page 3

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

also in retaliation for Scott having asserted his rights to be free from a discriminatory work environment because of his disability under both State and Federal law.

2.11   In refusing to engage in the interactive process, retaliating against Scott and wrongfully terminating Scott's employment, Larson acted maliciously, or in reckless disregard of Scott's federally protected rights and is liable for punitive damages in an amount to be determined by the jury.

2.12   Larson has been repeatedly found by other courts to have violated employee rights. As such and due to the malice and/or flagrant disregard of Scott's rights under state and federal law, a substantial award of punitive damages against Larson would be appropriate.

2.13   Scott filed a charge of Discrimination with the federal Equal Employment Opportunity Commission (EEOC) which was assigned charge No. 551-2019-03907. Due to the extreme backlog of discrimination cases with the EEOC, Scott requested and was granted a Notice of Right to Sue to process this claim independently. That Notice of Right to Sue was issued on March 2, 2020 and this action is brought within the 90 period under which claims under the Americans With Disability Act, as amended, and for retaliation may be brought.

2.14   As a result of the discriminatory and retaliatory conduct alleged herein, Larson caused Scott to suffer both economic and non-economic damages in amounts to be proven at the time of trial. Such damages include, but are not limited to, wage loss, loss of benefits, loss of medical and other employment benefits. Non-economic damages include, but are not limited to The emotional harm to Scott caused by Larson's]wrongful conduct, including *[emotional distress] [loss of enjoyment of life] [humiliation][pain and suffering] [personal indignity, embarrassment], [fear,*

COMPLAINT - Page 4

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

*anxiety, and/or anguish]* experienced and with reasonable probability to be experienced by Scott, and other damages to be proven at trial.

### III. CAUSES OF ACTION AND PRAYER FOR RELIEF.

3.1 Plaintiff is entitled to payment from and judgment against Defendant pursuant the Washington Law Against Discrimination, RCW 40.60. *et seq.*

3.2 Plaintiff is entitled to payment from and judgment against the Defendant pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* as Amended, and the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

WHEREFORE, Plaintiff prays for judgment as follows:

1. For economic damages suffered as the result of Plaintiff's wrongful termination in amount to be proved at the time of trial, including back pay, front pay, loss of benefits, expenses associated with mitigation of damages.

2. For an award of non-economic damages in an amount to be proved at the time of trial.

3. For Punitive damages as allowed by law.

4. That the Plaintiff be granted leave to amend this complaint to assert such other claims as may be established through discovery.

5. For costs including reasonable attorneys' fees, expert witness fees and other costs and fees as may be allowed by law.

5. For such other and further relief in favor of Plaintiff as the court deems just and equitable, including but not limited to, proactive orders requiring Larson's owners and senior managers to be required to attend comprehensive training regarding

COMPLAINT - Page 5

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

employee rights, best personnel practice and an employer's obligations under State and Federal anti-discrimination laws.

DATED this 23d day of March, 2020.

KRAM & WOOSTER, P.S.

_____
Richard H. Wooster WSBA #13752
Attorneys for Plaintiff

COMPLAINT -Page 6

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile